UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANNA WETTASINGHE SHIROMI, et al., | Case No.  18-cv-03296-VC |
| Plaintiffs, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | Re: Dkt. No. 105 |
| CITY OF BERKELEY, | |
| Defendant. | |

Ganna Shiromi filed this civil rights action against the City of Berkeley. Her complaint alleges that two Berkeley police officers used excessive force while taking her into protective custody under California Welfare and Institutions Code § 5150. That statute authorizes a 72-hour period of mental health assessment if probable cause exists that "a person, as a result of a mental disorder, is a danger to others, or to himself or herself." § 5150(a). According to Shiromi's complaint, the officers' use of force violated the Fourth Amendment, the Bane Act, and California's tort law of battery and negligence.

The City has moved for summary judgment as to each of these claims, all of which depend on the alleged exercise of excessive force. *Graham v. Connor*, 490 U.S. 386, 397 (1989); Cal. Civ. Code § 52.1; Cal. Penal Code § 835a. Although the City has multiple arguments, the only one that need be considered is its contention that the record, taken in the light most favorable to Shiromi, does not reveal the use of excessive force. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To support this contention, the City cited the declarations of Officers Radey and Hunt. The officers both describe an incident involving Shiromi and her son that began with two 911 calls regarding erratic behavior by a woman with a young boy. Radey Decl. ¶ 4, Dkt. No. 105-5.

After confirming that Shiromi matched the callers' description and attempting to converse with her, they called a mental health clinician to the scene. ¶¶ 5, 12–13. The clinician concluded that Shiromi posed a danger to herself and others, and that she should be taken into custody for further mental health evaluation. Brand Decl. ¶ 6, Dkt. No. 105-9. As the officers lifted Shiromi's son from her arms, she started to slump to the ground. Radey Decl. ¶ 19; Hunt Decl. ¶ 8, Dkt. No. 105-8. Shiromi flailed about upon reaching the ground, and Officer Radey placed her in handcuffs without applying any force beyond the minimal touching needed to apply handcuffs. Radey Decl. ¶ 21. At no point did any officer push her to the ground. ¶ 22.

Shiromi, who was once represented by counsel but is now pro se, responded by introducing no countervailing evidence of excessive force. While the depositions of Shiromi and her mother delve into a wide range of topics, none of the testimony in the record disputes any aspect of the officers' narrative that they did not use any force, let alone excessive force, during the arrest. Shiromi instead presents an unlawful-arrest theory of liability—one that focuses not on the officers' use of force but on their basis to conclude that her mental health condition authorized protective custody under California Welfare and Institutions Code § 5150. Shiromi's opposition also includes stray remarks regarding medical treatment she received during her ambulance ride. These are entirely new claims, and Shiromi was still represented by counsel when the deadline to amend her complaint passed in January 2019. *See* Dkt. Nos. 29, 57. Because Shiromi has not created a triable issue as to whether the officers used excessive force, the City's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Dated: June 19, 2020

_____

VINCE CHHABRIA
United States District Judge